UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARCUS PROCTOR                                              MOVANT/DEFENDANT

v.                                          CRIMINAL ACTION NO. 5:11-CR-00030-TBR

UNITED STATES OF AMERICA                                    RESPONDENT/PLAINTIFF

## MEMORANDUM AND ORDER

Movant Marcus Proctor has filed two *pro se* motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DNs 32 & 33). The motions are now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the first motion appears to be barred by the applicable statute of limitations, the Court will direct Proctor to show cause why the motion should not be denied as untimely. Moreover, because the second motion appears to be identical to the first, the Court will deny it as moot.

### I.

After entering a guilty plea, Proctor was convicted on July 10, 2012, on two counts of knowingly and intentionally possessing with the intent to distribute and distributing cocaine base (Counts 1 & 2) and one count of knowingly and intentionally possessing with the intent to distribute a substance containing cocaine base (Count 3). He was sentenced to a term of 188 months of imprisonment. Proctor did not file a direct appeal of his conviction. He filed his first § 2255 motion, the one that is now before the Court, on June 16, 2017.[1] In the motion, Proctor

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

seems to challenge his classification as a career offender under the U.S. Sentencing Guidelines based on the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). Proctor states: "In light of Mathis, Petitioner's convictions for possession of a controlled substance w/ intent to deliver and possession in a controlled substance no longer qualifies as predicate offenses for the career offender enhancement."

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on July 10, 2012. The judgment became final on July 24, 2012, upon the expiration of the fourteen-day period for filing a notice of appeal.

In his motion, Proctor effectively concedes that his § 2255 motion is not timely under § 2255(f)(1), as it was raised over one year after his judgment became final. Proctor seems to argue, however, that his motion is timely § 2255(f)(3) because his motion was "filed within one year . . . of Mathis." This argument is without merit.

The Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in *Mathis* that it intended its holding to be applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); *United States v. Taylor*, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12 (10th Cir. Dec. 6, 2016) (holding that "*Mathis* did not announce a new rule"); *Box v. United States*, No. 16-2546, 2016 U.S. App. LEXIS 20373, at *2 (7th Cir. Jul. 20, 2016) (finding that *Mathis* "does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[]'") (citing 28 U.S.C. § 2255(h)(2)); *Atkinson v. United States*, No. 1:16-cv-67, 2017 U.S. Dist. LEXIS 51049, at *5-6 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule"); *United States v. King*, No. 2:09-cr-166, 2017 U.S. Dist. LEXIS 36302, at* 4-5 (S.D. Ohio Mar. 14, 2017) (concluding that "*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review . . ."). Proctor also mentions *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), in his § 2255 motion. However, the *Hinkle* court applied *Mathis* to a case on direct appeal, not on collateral review. Therefore, the case does not demonstrate that *Mathis* should apply retroactively to cases on collateral

review.  In addition, *Hinkle* was decided by the Fifth Circuit, and not the Supreme Court.  Thus, despite his arguments to the contrary, Proctor's § 2255 motion is subject to the one-year limitations period set forth in § 2255(f)(1) and is time-barred.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  Proctor has not alleged facts in his motion which warrant the application of equitable tolling.  "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).  A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Graham-Humphreys*, 209 F.3d at 561.  "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling."  *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).  Before dismissing the motion as time-barred, the Court will provide Proctor with an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

**III.**

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, Proctor must **SHOW CAUSE** why the § 2255 motion to vacate, set aside or his correct sentence (DN 32) should not be dismissed as barred by the applicable one-year statute of limitations.

**<u>Procter is WARNED that failure to respond within the time allotted will result in denial of the motion for the reasons set forth herein</u>**.

**IT IS FURTHER ORDERED** that Plaintiff's second § 2255 motion to vacate, set aside or correct his sentence (DN 33), which is identical to his first § 2255 motion, is **DENIED as moot.**

Date:

cc: Movant/Defendant, *pro se*
 U.S. Attorney
4413.011