UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:11-CR-030-TBR

MARCUS PROCTOR                                                       MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Marcus Proctor's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). [R. 38.] The United States responded, [R. 41]. This matter is now ripe for adjudication. For the reasons stated herein, Proctor's Motion for Reconsideration, [R. 38], is **DENIED**.

On June 16, 2017, Proctor filed a Motion to Vacate under 28 U.S.C. § 2255. [R. 32; R. 36 at 1.] In that motion, Proctor challenged his classification as a career offender under the U.S. Sentencing Guidelines based on the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016). This Court held that *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. [*See* R. 36 at 3-4 (collecting cases).] In that motion, Proctor also cited the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), in support of the argument that this Court could not dismiss his motion because "the government could waive the one-year statute of limitations to avoid constitutional injustice and/or voiding the plea agreement." [R. 36 at 5.] This Court rejected Proctor's argument, finding that the Fourth Circuit cases he cited had no bearing on the motion before the Court. [*Id.*] Finally, the Court also found that "no jurists of reason could find its procedural ruling to be debatable," and, therefore, no certificate of appealability was warranted in the case. [*Id.* at 5-6.] On December 29, 2017, Proctor filed a Notice of Appeal with this Court. [R. 42]. Currently, the

1

Sixth Circuit is holding this case in abeyance "until the district court rules on pending motions." [R. 43 at 1.]

Proctor now moves the Court, pursuant to Rule 59(e), to alter or amend its Judgment denying his § 2255 Motion. If the Court denies this motion, Proctor "would also like to be granted to right to appeal the denial of the 2255; COA." [R. 38 at 1.] The Sixth Circuit and its lower courts have consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 746 (W.D.Ky.2013) (quoting *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008)). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id*. (citing *White*, 2008 WL 782565, at *1). The Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v.. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "such motions are extraordinary and sparingly granted." *Derby City Capital*, 949 F.Supp.2d at 747 (alteration omitted) (quoting *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)); *see also Encompass Indem. Co. v. Halfhill*, 2014 WL 1343392, at *2 (W.D. Ky. Apr. 3, 2014); *Plaskon Elec. Materials, Inc. v.*

*Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa.1992).

Proctor's Motion does not warrant relief under Rule 59. The arguments presented in Proctor's instant Motion are the same arguments he presented in his § 2255 Motion. As such, he merely renews and rehashes arguments that the Court already considered and rejected. Under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *e.g., Whitehead*, 301 F. App'x at 489; *Engler*, 146 F.3d at 374, or otherwise to "merely restyle or rehash the initial issues," *Derby City Capital*, 949 F. Supp. 2d at 746. Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id*. (citation omitted). Accordingly, the Court finds no basis to grant Proctor the relief he presently seeks.

Furthermore, without any new argument from Proctor on the subject, the Court stands by its previous decision that Proctor's § 2255 motion was untimely. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] Thus, the Court still finds that no certificate of appealability is warranted in this case.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:**

Proctor's Motion for Reconsideration, [R. 38], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

---

[1] As explained in the Court's Memorandum Opinion denying Proctor's § 2255 motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.