UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:11-CR-030-TBR

**UNITED STATES OF AMERICA,**                              **PLAINTIFF**

**v.**

**MARCUS PROCTOR,**                                            **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant Marcus Proctor's "Motion for Reconsideration Pursuant to § 3582(c)(1)(A)." [DN 67]. The United States has responded in opposition. [DN 70]. No reply has been filed, and this matter is ripe for review. For the reasons set forth below, the Court will deny Defendant's motion.

### I. BACKGROUND

A full recitation of the facts and procedural background of this case can be found in the Court's prior Memorandum Opinion and Order, [DN 65]. A condensed version is as follows: Defendant was convicted of two counts of possessing cocaine base with the intent to distribute and one count of possessing a substance containing cocaine with the intent to distribute. [DN 27]. On July 12, 2012, he was sentenced to 188 months imprisonment and four years of supervised release. *Id.* He has filed various post-conviction motions. *See* [DN 32; DN 33; DN 46].

In November 2020, Defendant first requested compassionate release, [DN 58]. Before the Court could rule on that motion, Defendant filed a second motion seeking compassionate

1

release on February 12, 2021. [DN 60]. In those motions, Defendant claimed ineffective assistance of counsel, challenged a sentencing enhancement and his career offender status, and cited to his rehabilitative efforts. The United States responded in opposition on May 3, 2021. [DN 70]. Defendant therefore had fourteen days from the service of that response to file his reply with the Court. *See* Local Rule 7.1. No reply was received, and the Court issued its ruling denying Defendant's Motion for Compassionate Release on May 18, 2021. [DN 65]. On June 1, 2021, the Court received Defendant's reply, labeled as a "Response to Request to Deny Petitioner's Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)." [DN 66]. Defendant now asks the Court to reconsider its May 18, 2021 decision, arguing that the Court should consider his reply. [DN 67]. He claims that he did not receive the United States' response until several days after it was filed due to issues with the prison mail system. *Id.*

## II.     ANALYSIS

As other courts in this circuit have explained, "[t]he Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Jarnigan*, 3:08-CR-7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008); *see also United States v. Abernathy*, 2009 WL 55011 (E.D. Mich. Jan. 7, 2009); *United States v. Titterington*, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003). "Such motions may be made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *Jarnigan*, 2008 WL 5248172, at *2 (citing Fed. R. Civ. P. 59(e); *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178

F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" *Abernathy*, 2009 WL 55011, at *1 (citation omitted); *see also Electric Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." *Marshall v. Johnson*, 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. April 19, 2007).

In the present case, Defendant asks that the Court reconsider its prior decision because it did not have the benefit of his reply brief. In essence, then, Defendant seeks reconsideration because he believes "[i]t is necessary to . . . prevent manifest injustice." *Jarnigan*, 2008 WL 5248172, at *2 (citing Fed. R. Civ. P. 59(e)). In his reply brief, Defendant challenges the United States' characterization of him as a "dangerous criminal and a flight risk," arguing instead that he is "not a danger to the safety of any other person or the community." [DN 66, p. 2]. He also cites to his rehabilitative efforts. *Id.* at 3. And, for the first time, he raises the COVID-19 virus as a basis for granting compassionate release. *Id.* at 3. In response, the United States claims that the arguments in Defendant's reply brief should not change the Court's decision, and further, to the extent Plaintiff seeks to raise new reasons for compassionate release—namely, the COVID-19 pandemic—he has not exhausted his administrative remedies. [DN 70].

The Court has reviewed Defendant's reply brief and will deny his Motion for Reconsideration. Defendant claims that he did not receive a copy of the United States' response brief until several days after it was filed, and he therefore timely mailed his reply on May 20, 2021, according to the certificate of service. [DN 67]. However, the Court, believing that the

3

reply deadline had passed, had already ruled on Defendant's motion. [DN 65]. The Court is mindful of the delays in the postal system caused by the ongoing pandemic, and it acknowledges Defendant's efforts to comply with the reply deadline. The Court has therefore thoroughly reviewed Defendant's reply brief. However, its arguments do not change the outcome in this case.

First, with the exception of Defendant's COVID-19 arguments, the reply brief does not raise any issue not already considered in the Court's May 18, 2021 order, and Defendant does not provide any new information or law that would alter the Court's analysis. With respect to Defendant's COVID-19 concerns, the Court notes that he raises this issue for the first time in his reply brief. He did not list the virus, or any other health concerns, in his compassionate release request to the Warden, nor did he list any such concerns in his motions with this Court. The Court therefore questions whether Defendant exhausted his administrative remedies with respect to that issue. However, even if Defendant had exhausted his administrative remedies, the Court would not find that Defendant's COVID-19 concerns qualify as an extraordinary and compelling reason for release.

In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the Sixth Circuit cited with approval a two-factor test for determining "when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release." *Id.* at 520 (citation omitted). Under that test, the fear of contracting COVID-19 qualifies as an extraordinary and compelling reason for release "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, *4 (N.D. Ohio May 22, 2020)) (internal quotation marks omitted).

4

In this case, both elements of the *Elias* test weigh against compassionate release. First, Defendant has not identified any health condition that puts him at a high risk of suffering from complications if infected with the virus, nor has he provided any medical records to support such a claim. Even assuming that Defendant suffered from such a health condition, the Court would still consider whether Defendant's facility has had a severe COVID-19 outbreak. *Id.* At FMC Lexington, where Defendant is housed, only one inmate and zero staff members are presently infected with the virus.[1] Further, the facility is operating at a Level 3, meaning it has employed "intense modifications" to prevent the spread of the virus.[2] This includes mandatory face coverings in all areas, social distancing, and mandatory symptom/temperature screening for staff members.[3] Further, Defendant admits that he was previously infected with the virus and is now fully vaccinated. [DN 66, p. 3]; *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, *2 (E.D. Mich. Feb. 3, 2021) ("Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Under these circumstances, the Court finds that both *Elias* factors weigh heavily against compassionate release.

Additionally, even if the arguments in Defendant's reply brief presented an extraordinary and compelling reason for release, the Court would still be required to consider the sentencing factors listed in 18 U.S.C. § 3553(a). The Court's prior analysis on these sentencing factors remains intact, notwithstanding Defendant's recitation of his rehabilitative efforts in his reply brief. *See* [DN 65, pp. 16–17]. The Court commends Defendant for his rehabilitative efforts;

---

[1] Covid-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 8, 2021).
[2] Modified Operational Levels, https://www.bop.gov/coronavirus/ (last visited Dec. 8, 2021).
[3] BOP COVID-19 Operational Levels, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Dec. 8, 2021).

however, as the Court explained in its earlier decision, the nature and circumstances of the underlying crimes and Defendant's criminal history weigh against release. *Id.* at 17.

Simply stated, none of the arguments presented in Defendant's reply brief would alter the Court's analysis or its ruling on the compassionate release motion. The Court will therefore deny Defendant's Motion to Reconsider.

### III.     CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant Marcus Proctor's "Motion for Reconsideration Pursuant to § 3582(c)(1)(A)," [**DN 67**], is **DENIED**.

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 13, 2021

cc: Counsel of Record
    Defendant, pro se