UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES

v.                                                          No. 5:11-cr-30-BJB

MARCUS PROCTOR

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

       Marcus Proctor is serving a 188-month prison sentence for distributing and possessing with the intent to distribute cocaine and a substance containing cocaine base. Citing a change in law, health concerns, and rehabilitation efforts, Proctor seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Motion for Sentence Modification (DN 79). But because the relevant legal changes he mentions are not retroactive, and because Proctor failed to show that his health and rehab considerations are "extraordinary and compelling," the Court denies his request for early release. The Court also denies Proctor's motion requesting earned-time credits (DN 84) because he made no argument or showing that the credits are warranted—and because that is a question for the Bureau of Prisons rather than the courts in any event.

I.

       Law-enforcement officers arrested Proctor in 2011 as part of a larger investigation of an interstate drug trafficking conspiracy. Presentence Investigation Report (DN 28) at 6–8. Proctor pled guilty to three counts of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)–(C). *Id.* at 4. The (advisory) sentencing guidelines provided for a range of 188 to 235 months in custody. *Id.* at 19. The Court ultimately sentenced him to the low end of the guidelines range—188 months, to be served concurrently, on all three counts. *See* Judgment (DN 27) at 3.

       This is Proctor's second request for compassionate release. The Court rejected his initial contention that cited changes in the sentencing laws and rehabilitation efforts. *See* Order Denying Release (DN 65). In this motion, Proctor renews his arguments based on rehabilitation and changes to the law, while adding his concerns regarding Covid. *See* Motion for Modification at 3–4. The Bureau of Prisons indicates

1

that Proctor will be released in March 2024. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2024).

## II.

A district court must employ a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1)(A). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Compassionate release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quotations omitted), cert. denied, No. 22-7210, 2023 WL 3571586 (U.S. May 22, 2023). Those factors include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)). "District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

## III.

### A. Exhaustion of Administrative Remedies

Proctor stated in his motion that he is required to exhaust administrative remedies, but he did not state that he has satisfied this requirement. Motion for Modification at 1–2. Records attached to his motion indicate that he pursued at least some administrative remedies, and the Government in reply says nothing about the exhaustion requirement. *See* DNs 79-1, 82. Exhaustion is not a jurisdictional limitation in § 3582(c)(1)(A). *United States v. Alam*, 960 F.3d 831, 832–33 (6th Cir. 2020). The Court needn't address this issue because Proctor's motion fails on other grounds discussed below. *See, e.g.*, *United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577, at *5 (E.D. Mich. Jan. 11, 2022) (declining to resolve dispute regarding exhaustion because motion failed on the merits).

### B. Extraordinary and Compelling

First, Proctor argues that a "change in law" has occurred and amounts to an extraordinary and compelling reason for early release. Motion for Modification at 2–3. Specifically, he points to the Sixth Circuit's decisions that "'attempt' drug deliveries do not constitute controlled substances violations that trigger the Career

2

Offender Sentencing guideline enhancement." *Id.* at 2 (citing *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019)). And because a predicate offense leading to Proctor's career offender enhancement may include "attempt" conduct, he contends, the enhancement is now invalid. *Id.* at 3 (citing *Mathis v. United States*, 579 U.S. 500, 519 (2016) ("Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense."). According to Proctor, under these precedents, he would not be sentenced today as a career offender and would therefore face a maximum sentence of 120 rather than a Guidelines maximum of 235 months. *Id.* at 3; PSR at 19.

But the Sixth Circuit has held that the decisions in *Havis* and *Mathis* aren't retroactive changes in the law warranting this extraordinary relief. In *McCall*, the Court of Appeals declined to apply *Havis* retroactively because "new statutes and caselaw apply only to 'defendants not yet sentenced.'" 56 F.4th at 1056 (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012)). And in *In re Conzelmann*, the Court of Appeals held that "*Mathis* has not been declared retroactive by the Supreme Court." 872 F.3d 375, 377 (6th Cir. 2017).

This dooms Proctor's argument. "[N]onretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." *McCall*, 56 F.4th at 1055. So the "change in law" Proctor mentions "[does] not factor into the extraordinary and compelling analysis. Full stop." *Id.* at 1066. This Court previously rejected a variant of Proctor's arguments regarding sentencing disparity after *Mathis*: he "failed to show a disparity exists between his actual sentence and the sentence he would receive if he were convicted today." Order Denying Release at 14. The arguments regarding *Havis* also fail: "What is ordinary—the nonretroactivity of judicial precedent announcing a new rule of criminal procedure like *Havis*—is not extraordinary. And what is routine—a criminal defendant ... serving the duration of a lawfully imposed sentence—is not compelling." *McCall*, 56 F.4th at 1056. So Proctor's arguments that the decisions in *Havis* and *Mathis* constitute extraordinary and compelling reasons for relief fail.

Second, Proctor cites concerns related to Covid. Motion for Modification at 4. He "suffers from hypertension and liver complications" that put him at risk from new variants of the virus. *Id.* The Sixth Circuit has spoken to this issue as well: "[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). And according to Proctor, he has received his initial vaccination series and a booster. Motion for Modification at 4. For the same reasons, the Court rejected these same arguments in resolving Proctor's previous compassionate-release

3

motion: "[T]he Court would not find that [Proctor's] COVID-19 concerns qualify as an extraordinary and compelling reason for release." Order Denying Motion for Reconsideration (DN 73) at 4. The Sixth Circuit has also recognized that complications of hypertension do not raise general Covid concerns to constitute an extraordinary and compelling reason to modify a term of incarceration. *Elias*, 984 F.3d at 521 (affirming the district court's denial of a compassionate-release motion that cited an increased risk of Covid due to hypertension). And Proctor hasn't pointed to anything additional that would take his hypertension and Covid risks outside the mainstream. So Covid isn't a basis on which to reduce Proctor's sentence. *Lemons*, 15 F.4th at 751.

Third, Proctor cites his efforts toward rehabilitation by maintaining an unblemished disciplinary record, "participating in almost every program available while maintaining a job," and developing a plan for employment and social stability following his release. *See* Motion for Modification at 4–5. He asserts that he plans to finish his associate's degree, complete a welding certification course, and work alongside two of his siblings. *Id.* Even accepting these (laudable) claims as true, however, such efforts would not tip the scale in Proctor's favor. The Sixth Circuit is once again clear on this point: "Rehabilitation, for one, is not by itself extraordinary and compelling." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022). And given the state of the record and Proctor's arguments, "rehabilitation" is left all "by itself" in support of this motion. After all, "adding a legally impermissible ground to [other] insufficient factual considerations" cannot "entitle a defendant to a sentence reduction." *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021). So no compelling and extraordinary reasons support modifying Proctor's sentence.

## C. Section 3553(a) Factors

Even if Proctor provided an extraordinary and compelling justification under § 3582(c), release would still be inappropriate under § 3553(a). His motion falls short of making a "compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Sherwood*, 986 F.3d at 954. The sentencing judge imposed a sentence of 188 months in prison because, among other things, the record indicated that Proctor trafficked through other states with other criminal targets. *See* PSR at 6–8. And—relevant both at the sentencing and compassionate-release stages—Proctor has extensive criminal history involving illegal drug dealing, possessing deadly weapons, and fleeing from law enforcement. *See id.* at 11–15; Sentencing Hearing Transcript (DN 77) at 4:16–5:7.

The community-safety factor is especially relevant here because "drug trafficking is a serious offense that, in itself, poses a danger to the community."

4

*United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). The risks posed to the community by drug trafficking caution against a sentence reduction under § 3553(a).

As against these considerations, Proctor cites his allegedly unblemished disciplinary record and completion of rehabilitation programs. Motion for Modification at 4–5. He did not explain why this record outweighs the § 3553(a) factors, including the nature of his crimes and past criminal record. Those allegations, although admirable if true, do not tip the scales in favor of early release given the seriousness of the offense and the need for deterrence and public protection. *See, e.g.*, *United States v. Sapp*, No. 14-cr-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (record of good behavior and investigation assistance did not amount to "extraordinary and compelling reasons"). And district courts should consider, among other things, the need for a sentence to reflect the seriousness of the offense and protect the public from further crimes of the defendant. *See United States v. Maxwell*, 991 F.3d 685, 693 (6th Cir. 2021).

To be sure, the Court may consider nonretroactive changes in sentencing law when conducting the § 3553(a) analysis. *See Jarvis*, 999 F.3d at 445. And the Court forgivingly reads Proctor's pro se pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even so, Proctor has not demonstrated that compassionate release is appropriate here.

## IV.

Proctor also moved for application of 200 days earned-time credits under the First Step Act—codified at 18 U.S.C. § 3632(d)(4)(A). Motion for Earned Time Credit (DN 84). That statute provides that "[a] prisoner … who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits." He contends that the proper calculation of his credits would require, in effect, immediate release from custody. This sort of challenge to the duration of confinement is one that courts typically would consider in the context of habeas corpus relief. *See, e.g.*, *Jennings v. Lemaster*, No. 22-5780, 2023 WL 5672748, at *2 (6th Cir. Mar. 29, 2023); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

Even construing this request as a habeas request properly before the Court, however, Congress gave the Attorney General, not district judges, the authority to award earned-time credit. *United States v. Wilson*, 503 U.S. 329, 333 (1992) (district courts not authorized to award good-time credit). The Attorney General "has delegated the authority to the BOP." *United States v. Powell*, No. 5:11-cr-75, 2019 WL 1521972, at *2 (E.D. Ky. Apr. 8, 2019) (citing 28 C.F.R. § 0.96). And the Bureau has established administrative procedures that prisoners may and generally must exhaust before challenging Bureau determinations in court. *See generally Fazzini v.*

*Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Bankhead v. United States*, No. 22-11656, 2023 WL 5007913, at *3 (E.D. Mich. July 10, 2023).

Proctor's letter supplies no evidence or explanation regarding the source or nature of the credits he claims; it merely asks the Court to "gran[t] the 200 days of Earned Time Credits I am due in light of the First Step Act [of] 2018." DN 84-1 at 1. The prisoner bears the burden of showing successful completion of a program that qualifies for earned-time credit, which Proctor has not done. This suffices to deny the motion: "Because [the prisoner] presented no evidence or argument showing that the courses and jobs identified … qualify …, or that he otherwise completed qualifying programs, the district court properly concluded that [the prisoner] failed to show that he was improperly denied earned time credits." *Martin v. LeMaster*, No. 21-6247, 2022 WL 18145207, at *2 (6th Cir. Oct. 19, 2022).

Nor has Proctor addressed the question of exhaustion. Unless prisoners exhaust the administrative remedies supplied by the Bureau of Prisons, they may not petition courts to recalculate their earned-time credits. That is because, among other reasons, "[t]he failure to exhaust administrative remedies denies the warden the first opportunity to consider the merits of [the prisoner's] new arguments about earned-time credits." *United States v. Anderson*, No. 1:13-CR-091(3), 2023 WL 4353546, at *3 (S.D. Ohio July 5, 2023). "The question whether and how much earned time credit applies to [the prisoner's] sentence is most appropriately determined by the BOP as the expert and keeper of the pertinent records," yet the prisoner "has not exhausted his administrative remedies and thus has not given the BOP an opportunity to correct any erroneous decisions." *Bankhead*, 2023 WL 5007913, at *3. Here the Court plainly lacks the information to decide whether and how the Bureau determined whether he "successfully complete[d] evidence-based recidivism reduction programming or productive activities," § 3632(d)(4)(A), even assuming the request were properly before the Court.

## ORDER

The Court denies Proctor's Motion for Sentence Modification (DN 79) and his motion under the First Step Act for earned-time credit (DN 84).

Benjamin Beaton, District Judge
United States District Court

January 29, 2024